## LEE vs. BUCKHEIT.

*Demand for change of place of trial.*

After notice of retainer, defendant's attorney also served a demand for a change of venue, in the following form: "I demand that the place of trial of this action be changed," etc., signed "X. Y., Defendant's Attorney." *Held*, that this must be regarded as the *demand of the defendant*, and was sufficient.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff appealed from an order changing the place of trial on defendant's motion. The ground of the appeal will sufficiently appear from the opinion.

*J. H. Carpenter*, for appellant.

Brief for the respondent by *Harlow Pease*, and oral argument by *E. E. Bryant*.

COLE, J.  After the title of the cause, the demand for a change of venue in this case was as follows: " I hereby demand that the place of trial of this action be changed to the proper county, to wit, Jefferson county, in this state.  Dated May 16, 1878.  Yours, etc.  HARLOW PEASE, Defendant's Attorney."

The sole question on the appeal is, whether this was a sufficient demand to authorize the change which was granted by the circuit court.  The statute provides that if the county designated by the plaintiff in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expire, demand, in writing, that the trial be held in the proper county. Sec. 4, ch. 123, Tay. Stats.  Now it is claimed by the learned counsel for the plaintiff, that this provision secures to the defendant the personal privilege of having a change upon his own demand; that it cannot be had on the demand of another; and that the above demand must be considered as the personal demand of the attorney himself, not that of the defendant.  It seems to us that this view is incorrect.  In this case, the attorney had already given notice of retainer in the action.  For the purposes of the suit, he represented the defendant therein, and in whatever he did in the management of the suit, we must assume he was acting for his client.  If he had said that the defendant made a demand for the change, or that he, as attorney, on behalf of the defendant, made it, there would be no question as to its sufficiency.  We think the demand should be treated as equivalent to a demand in that form, and as really the demand of the defendant.

But it is said by the same counsel, that generally when the statute allows a motion to be made, or a step to be taken, in the cause by a person other than the party, it so states; and we were referred to a number of sections where it is provided that the party, or attorney, or authorized agent, may do the act.  In many cases, doubtless, out of abundant caution, such language is used.  But still, without intending to lay down

any general rule of construction which must be applied in all cases, we merely hold, on the question before us, that the demand, in the form in which it was made, must be deemed the demand of the defendant in the action.

*By the Court.* — The order of the circuit court is affirmed.